## George S. Bell *vs.* Alexander Weiner *et al.*

JUNE 4, 1925.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J.   The action, trespass on the case for negligence, is brought to recover damages for personal injury sustained by plaintiff, caused by being struck by an automobile owned and driven by the defendant Weiner.   The U. S. Fidelity and Guaranty Co., a Maryland insurance corporation, was joined as a defendant under the provisions of Pub. Laws, 1915, C. 1268, s. 9.

After a jury trial and a verdict for the plaintiff for $9,200 the joint and several motions of the defendants for a new trial were denied by the trial justice.   The case is here on the joint and several bills of exceptions of defendants.

The accident happened a short distance north of the Lakewood railroad crossing in Warwick, about 5:30 p. m., April 3, 1921.   Plaintiff lived on Atlantic avenue, near the railroad crossing, at the intersection of Atlantic avenue and Warwick avenue.   He had sold his motorcycle and a Mr. Maxwell had agreed to deliver it to the purchaser.   As Maxwell was unable to start the machine, plaintiff ran behind the motorcycle to push it along and Maxwell, who was on the machine, continued his efforts to start it.   Plaintiff pushed the car from Atlantic avenue out onto Warwick avenue, passed to the north, crossed the railroad tracks and continued north on the right side of the road for a short distance when, without warning, he was run into from

behind and knocked down by Weiner's automobile. Defendant claims that he stopped at the south of the crossing until a trolley car passed; that, upon signal from a traffic officer to proceed, he started his automobile slowly, crossed the tracks and continued to the north on the right side of the road for a few feet, when for the first time he saw plaintiff directly in front of him and so near that it was impossible to avoid hitting him.

The testimony is contradictory but certain facts are not in dispute. Plaintiff was on the right side of the highway; the day was clear and there was no other traffic on the highway going in either direction at the time of the accident. The defendant Weiner ran into the plaintiff. The evidence is ample to sustain the finding of liability.

Defendants waived exceptions 1, 2, 3, 4, 5, 6, and 9. Exceptions 7, 8 and 10 are to certain rulings on testimony in regard to a hernia which plaintiff claimed was one result of the accident. These exceptions are without merit. The error of the trial justice, if any, was prejudicial to plaintiff rather than defendant. Exceptions 12 and 13 are considered together.

Exception is taken to the denial of defendants' motion for a new trial on the ground that the verdict is against the evidence and that the damages are excessive.

In his rescript the trial justice, after discussing the conflict in testimony, says: "There was testimony on which the verdict could be based whether the Court would reach the same conclusion or not, and the matter of the weight of the evidence was left to the jury. The Court cannot say the preponderance of the evidence was utterly disregarded by the jury."

Defendant claims that, although a new trial was denied, in the circumstances the action of the trial justice can not be considered as an approval of the verdict. The trial justice did refuse to disturb the verdict but, as there is so much uncertainty in his decision, we have disregarded it, and considered the case on the evidence alone. The plain-

tiff's version of the accident is more in accord with probability than defendants'.

At the time of the accident plaintiff was sixty-four years of age. He was a deputy shellfish commissioner and received a salary of $50 a month from the State with extra pay, which in the year preceding the accident amounted to $300. He continued as commissioner until May, 1922, but got no extra pay in the year after the accident. He was a free fisherman and worked at clamming, dredging for shellfish, and farming, earning thereby an income of from two to three thousand dollars a year. He was a strong, vigorous man in good health. His ankle was broken, his knee somewhat injured and there is evidence that his left shoulder was fractured. As a result of the accident he is now lame, suffers and will continue to suffer considerable pain at times, and has lost the free use of his left arm above the elbow and of the left shoulder. He has tried to follow his occupation, but is unable to do so by reason of his physical condition. His injury is permanent. Defendants do not deny that there is some permanent injury, but claim that plaintiff exaggerates the amount of injury; also that plaintiff's present disability is mainly due not to the accident but to chronic arthritis. The medical testimony on this issue, which was conflicting, was based to a large extent on the differing interpretation made by the doctors of an X-ray photograph of plaintiff's shoulder taken shortly after the accident. Defendants' claim was that, although arthritis might have resulted from the accident, in this case the alleged arthritis must have been of long standing and was not caused by the accident. To the layman this theory appears to be vulnerable, in view of the action of plaintiff. a man of sixty-four years of age, in running and pushing the motorcycle for a considerable distance, there being also evidence of perfect health prior to the accident. The damages are not excessive.

The 11th exception (transcript p. 262) is taken by the Insurance Co. to the refusal to direct a verdict in its favor,

the claim being that C. 1268, by virtue of which the defendants were joined, is unconstitutional. There is no merit to this exception. *Morrell* v. *Lalonde*, 44 R. I. 20; *Morrell* v. *Lalonde*, 45 R. I. 112; *U. S. Fidelity & Guaranty Co.* v. *Morrell*, 264 U. S. 572.

The 12th exception is taken by the Insurance Co. to the reception of the verdict, on the ground that it was a joint verdict against both defendants and violates Sec. 1 of Art. 14 of Amendments to Constitution of U. S. in that it deprives said company of its property without due process of law. The verdict although a general verdict against both defendants is not invalid. See cases *supra.*

Defendant Insurance Co. now claims that plaintiff failed to prove a subsisting liability on the policy of insurance at the time of the accident. At the trial plaintiff called the defendant Weiner as a witness, who, in compliance with a writ of subpoena *duces tecum*, produced the policy issued to him by defendant Insurance Co. Weiner testified that the policy was issued to him March 10, 1921. The question was then asked, by what company. Counsel for the Insurance Co. then objected to the introduction of any evidence concerning the policy or the asking of the witness any questions in regard to it, on the ground that the joinder of the two defendants violated its constitutional rights under the 14th Amendment and at the request of defendants' counsel it was agreed that its objection should be noted and exception be allowed to any question concerning the policy. Thereafter, over defendants' objection Weiner testified he was insured by defendant Insurance Co.; that the policy was in full force and effect April 3, 1921; that he on that date was the owner of an Overland touring car, registry number 21955. Plaintiff introduced the policy in evidence and it was marked, "Pltffs ex. 6." Defendants' objection was again made to this action on the same constitutional grounds. The attention of the jury was then called by plaintiff to paragraph "a" of the policy whereby the liability of the Insurance Co. for injury to any one person was

limited to $5,000, total liability to any number of persons injured in one accident $10,000. Having made the Insurance Co. a joint defendant, the burden was on the plaintiff to prove an existing liability of the company to Weiner at the time of the accident. The proof on this issue was adequate. Plaintiff proved all that he was permitted to prove. Defendant company by its action prevented proof in detail of facts, the lack of which it now claims avoids the verdict. The exception is without merit.

By the 13th exception defendant Insurance Co. claims that the refusal to grant a new trial was erroneous in that it was not found and entered in accordance with the provisions of Chapter 1268; that no verdict could properly be entered against the Insurance Co. in excess of $5,000 and that as it is a joint verdict no proper judgment can be entered thereon in accordance with the provisions of said chapter; also that it violated defendants' constitutional right under the 14th Amendment.

As the verdict had been accepted by the trial justice, if there was any error of law committed thereby, the action of the justice could not be reviewed on a motion for a new trial before the same justice. *Reid* v. *R. I. Co.* 28 R. I. 321, 324. However, as it is desirable to establish the practice in this class of cases, we shall consider the question thus raised. By C. 341, s. 6, G. L., it is provided that the court may, and upon request of either party shall, direct the jury to return a special finding upon any issue submitted to the jury, and in addition to such special finding on any issue submitted, the jury shall, in each case, return a general verdict and shall assess such damages, if any, therein as they may deem just.

The defendant Insurance Co., if it so desired, might, upon request made to the trial court, have had special findings on the question of its liability on the policy and the amount thereof. The failure by defendant Insurance Co. to ask for a special finding voids any objection to the rendition of a

general verdict only. The statute (C. 1268, s. 9) provides that the insurer in every policy insuring against liability for personal injuries shall be directly liable to the injured party and may be joined as a defendant with the person insured, in which case judgment shall bind both the insured and the insurer; or the injured party, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against the insurer, provided that any payment by either insured or insurer on such liability shall be a bar to recovery against the other of the amount so paid; and provided also that in no case shall the insurer be liable for damages beyond the amount of the face of the policy.

We think the better practice under this statute is for the trial court, when an insurance company is joined as a defendant, to direct the jury if they assess damages in excess of the amount of the face of the policy to return two special findings: one against the insurance company for the amount of its liability under the policy; and one against the defendant, the insured, for the full amount of the damages. If both defendants are found to be liable and the damages are not in excess of the amount of the liability under the policy, a general verdict against both defendants is sufficient. In the case at bar plaintiff only claims the right to have judgment against the insurance company for $5,000, the amount of liability on the policy, and has offered to remit as against said Insurance Co. all of said verdict in excess of $5,000. A similar procedure was followed on suggestion of this court in the *Lalonde* case (See Rescript filed April 6, 1923.)

The defendants' exceptions are overruled and the case is remitted to the Superior Court with direction, upon filing a remittitur by the plaintiff of all of said verdict in excess of $5,000 as to the insurer, to enter judgment upon said verdict as returned against the insured and to enter judgment upon said verdict as reduced by the remittitur against the insurer. Any execution issued upon said judgments shall be levied in

accordance with the provisions of Public Laws, R. I., Jan. 1915, Cap. 1268, Sec. 9.

*William H. McSoley*, for plaintiff.

*Huddy, Emerson & Moulton*, for defendant.